

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

June 22, 2022

**Via ECF**
The Honorable District Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: **Torres v. Muchos Tacos Corp., et al.**
    **21-CV-4211 (GRB)(ST)**

Dear Judge Brown:

Our office represents Mariela Jacklyn Torres ("Plaintiff" or Torres") and we submit this motion jointly with counsel for Muchos Tacos Corp. and Mario Moran (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation on April 26, 2022.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

## I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable

### a.  The Settlement Amount

The parties agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, which are addressed below, for the global amount of $55,000.00.

### b.  Plaintiff's Position

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that, as a former food preparer, dishwasher, and server at Defendants' restaurant, she was paid at a rate

below the applicable minimum wage rate and was not paid proper overtime rates when required to work in excess of 40 hours per week.

Plaintiff was employed by Defendants from in or around 1998 until in or around December 2020. As the Complaint in this matter was filed in July 2021, the relevant statutory period for Plaintiff's claims under NYLL's six-year statute of limitations is from July 2015 until in or around December 2020.

During the relevant statutory period, Plaintiff alleged that she was regularly required to work up to 47 hours per week. Despite this, Plaintiff alleged that she was paid a flat weekly salary of $360.00 per week for the years 2015 through 2019 and $380.00 per week in 2020. As such, Plaintiff claimed that she was paid a calculated hourly rate of $9.00 or $9.50 (by dividing her weekly salary by 40), which fell below the NYS minimum wage rate at all times from 2017 through the end of her employment. Additionally, she alleged that the weekly salary did not compensate her at all for approximately 7 hours of overtime per week.

In total, Plaintiff alleged approximately $47,381.50 in unpaid overtime and minimum wages in addition to liquidated damages and statutory penalties under NYLL §195 for Defendants' alleged failure to provide proper wage notices and wage statements.

Although Plaintiff had obtained a default judgment against Defendants and was confident that, even if the judgment were vacated, that she would prevail at trial, Plaintiff's preference was for a guaranteed outcome and payment via Court-approved settlement. Plaintiff considered the defenses and potential witness testimony by Defendants, Defendants' financial abilities and the risks and expenses of protracted discovery and litigation in accepting the settlement amount. Plaintiff also acknowledged the factual disputes as to her hours worked and pay received.

Lastly, Plaintiff sought quick resolution to this matter as opposed to anticipated motion practice by Defendants to vacate the default judgment entered by the Court or having to go through the procedures and mechanisms of enforcing such judgment if not vacated.

### c.  Defendants' Position

Defendants deny any wrongdoing and liability. Defendants claim that Plaintiff was properly compensated for all hours worked and that the number of hours she alleges to work are greatly exaggerated.  Defendants also maintain that Plaintiff seeks damages for periods of time he was not employed by any Defendants, and that during the time she was employed, she was not always engaging in activities for Defendants, as she was engaging in personal work during her working hours for her own gain, which would lead to claims to disgorge wages paid during her during such periods. Furthermore, Defendants maintain that Plaintiff was at all times paid in accordance with the FLSA and NYLL.

Defendants also deny the willfulness of any alleged violations under the FLSA and NYLL. *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Employers willfully violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements.").  Defendants would seek to prove that they paid Plaintiff for all work performed, that the method(s) of payment were understood and agreed upon by the parties, and all payment practices were in good faith and with the belief that they were not in violation of the FLSA, NYLL, or other associated guidelines.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $55,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after a mediation session before a qualified and experienced Court-appointed mediator with all parties present. The parties had genuine, bona fide disputes over the hours worked by Plaintiff and the pay received by Plaintiff but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Lastly, the settlement amount is greater than Plaintiff's alleged unpaid wages claim – a figure strongly contested by Defendants.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 5 of the Settlement Agreement ("Release of Plaintiffs' Wage and Hour Claims") is appropriately-tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

Finally, the condition of payment upon vacatur of the Judgment was part of the agreement reached at the mediation so that is fair and reasonable and condition precedent to payment.

### III. Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiff

The parties agreed to a global settlement of $55,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $35,964.00 after the requested attorneys' fees and expenses.

#### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,054.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of attempted and actual service of the summons and Complaint on all Defendants: $352.00
- the cost of the Court-annexed mediation: $300.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($53,946.00), or $17,982.00 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $19,036.00.

**Settlement Amount:** $55,000.00
**Attorneys' Expenses:** $1,054.00
**Net Settlement Amount:** $53,946.00 ($55,000.00 - $1,054.00)
**Requested Attorneys' Fees:** $17,982.00 ($53,946.00 / 3)
**Total payable to Attorneys:** $19,036.00 ($17,982.00 + $1,054.00)
**Total payable to Plaintiffs:** $35,964.00 ($55,000.00 - $19,036.00)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.,* 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiff's

counsel has zealously advocated for their client throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

**IV.    <u>Closing</u>**

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court vacate the Judgment and approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.